**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES KEMP,<br>Plaintiff<br>v.<br>DANA MARKS, et al.,<br>Defendants | Case No.: 3:25-cv-00434-ART-CSD<br>**Order**<br>Re: ECF No. 17 |

Plaintiff has filed a motion for appointment of counsel. (ECF No. 17.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015).

In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff argues that counsel should be appointed because he believes it would move this case along faster.

This is not a basis to appoint counsel. Plaintiff has not demonstrated a likelihood of success on the merits. Nor has he shown an inability to articulate his claims or that his claims are unduly complex. Therefore, Plaintiff's motion (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 28, 2026

Craig S. Denney
United States Magistrate Judge